Lynn S. Walsh, OSB #924955
email: walsh@europa.com
209 SW Oak Street
Suite 400
Portland, Oregon 97204
Telephone: 503-790-2772
Facsimile: 503-227-6840
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| STEVEN FOX, | NO. |
| Plaintiff, | |
| | COMPLAINT |
| vs. | Violation of Civil Rights (42 U.S.C. § 1983); Americans with Disabilities Act (42 U.S.C. 12101 et seq.); Rehabilitation Act (29 U.S.C. § 794) – Temporary Restraining Order and Injunctive Relief, |
| COLETTE PETERS, Director of the Oregon Department of Corrections, in her official capacity, and THE STATE OF OREGON | |
| Defendants. | |

This is a civil rights, Americans with Disability Act, and Rehabilitation Act action concerning the release of a physically disabled prisoner into the community with no resources or ability to care for himself.   Plaintiff suffered a severe injury while incarcerated causing spinal shock.   As such, he needs a motorized wheelchair and help with many, if not most, Activities of Daily Living (ADLs).   Plaintiff, currently housed in a prison infirmary, is due to be released on Saturday, August 12, 2016.   Yet, Oregon Department of Corrections officials have provided no

Page 1        COMPLAINT

LYNN S. WALSH,
OSB#92495
Suite 400
209 SW Oak Street
Portland, Oregon 97204
(503) 790-2772
walsh@europa.com

release plan to plaintiff that establishes continuity of care.    Plaintiff will likely suffer serious and irreparable harm if released to the community under the current plan.

## Jurisdiction

1.        This court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

## Venue

2.        Venue is proper within the District of Oregon because all of the events giving rise to this claim occurred in this judicial district, and all defendants reside in this judicial district.    28 U.S.C. § 1391(b).

## Parties

3.        Plaintiff Steven Fox is a prisoner of the Oregon Department of Corrections (ODOC) and until approximately Thursday, August 4, 2016, he was housed in the prison infirmary at the Oregon State Penitentiary.

4.        Defendant State of Oregon operates the Oregon Department of Corrections ("ODOC") facilities.    At all times relevant, the State of Oregon was obligated to accommodate prisoners with disabilities lodged in its facilities.

5.        Defendant Collette Peters is the director and an employee of ODOC. She is sued in her official capacity.    As director, Ms. Peters is responsible for the operations and policies of the Oregon Department of Corrections.    At all times relevant, Ms. Peters was acting under color of state law.

## Facts

6.        Plaintiff entered the Oregon Department of Corrections in late 2010.

Page 2        COMPLAINT

LYNN S. WALSH,
OSB#92495
Suite 400
209 SW Oak Street
Portland, Oregon 97204
(503) 790-2772
walsh@europa.com

7.      On July 11, 2015, Plaintiff collapsed in his segregation cell at Two Rivers

Correctional Unit.   As a result he went into spinal shock, and suffers from a central cervical cord

injury.[1]

8.      Plaintiff is now physically paralyzed and uses a wheelchair for mobility.   He has

very limited use of his upper extremities, and no use of his lower extremities.   As such, he needs

assistance with many activities of daily living (ADLs).   He also needs an electric wheelchair, or

assistance with propelling his wheelchair.   (See RIO Occupational Therapy Discharge Summary

attached as Exhibit 1.)

9.      Plaintiff has been either hospitalized or housed in the Oregon State Penitentiary

infirmary since July 11, 2015.   Prisoner orderlies or nurses assist him with his ADLs.

10.     As of August 3, 2016, it was plaintiff's understanding that he was going to be

released to the streets of Umatilla County with nothing more than a $25 debit card.   He

communicated this information to his recently retained lawyer on August 3, 2016.

11.      Since learning of Mr. Fox's predicament, his lawyer has been in contact with

Oregon Department of Justice attorneys to ascertain what the release plan is for Mr. Fox.

12.     Plaintiff's lawyer learned on Friday, August 5, 2016, that there really is no release

plan for Mr. Fox, but ODOJ assured her that at minimum Mr. Fox would be going to some sort

of "motel/hotel situation."

---

1 Plaintiff has filed a tort claim notice regarding the circumstances surrounding his collapse and
injuries.   Plaintiff alleges that he was denied adequate nutrition while housed in disciplinary
segregation leading to significant weight loss and malnourishment, resulting in his collapse and
subsequent spinal cord injury.

Page 3          COMPLAINT

LYNN S. WALSH,
OSB#92495
Suite 400
209 SW Oak Street
Portland, Oregon 97204
(503) 790-2772
walsh@europa.com

13.     Mr. Fox is unable to care for himself.   He is not currently signed up for any programs or services that assist the disabled.   If he is released to a motel or hotel he will be unable to care for himself, nor will he have a way to obtain services, or even food and water, due to his inability to be mobile.

14.     In addition to his lack of release plan, ODOC transferred plaintiff to Two Rivers Correctional Institution in Umatilla, Oregon on August 4, 2016 which is where he will be released.

15.     Upon information and belief, Umatilla has no (or very few) services or programs for the disabled.

16.     Plaintiff has no friends or family in Umatilla, Oregon.

17.     Plaintiff's relatives live in Portland, Oregon.

18.     Under the current discharge plan, plaintiff has no way to reintegrate into society and will likely languish or worse in any type of hotel or motel situation.

## FIRST CLAIM FOR RELIEF

### (Violation of 42 USC 1983 – Director Colette Peters)

19.      Plaintiff realleges paragraphs 1-18.

20.      Allowing the Director to release plaintiff without providing continuity of care is deliberately indifferent to plaintiff's serious medical and health needs, and would subject plaintiff to a serious risk of harm in violation of the Eighth Amendment to the United States Constitution.

COMPLAINT

LYNN S. WALSH,
OSB#92495
Suite 400
209 SW Oak Street
Portland, Oregon 97204
(503) 790-2772
walsh@europa.com

## SECOND CLAIM FOR RELIEF

### (Violation of the Americans with Disabilities Act and Rehabilitation Act – State of Oregon)

21.     Plaintiff realleges paragraphs 1-18.

22.     The prisons comprising of the Oregon Department of Corrections have been recipients of federal funds, and are thus covered by § 504's mandate, which requires recipients of federal monies to reasonably accommodate persons with disabilities in their facilities, program activities, and services, and reasonably modify such facilities, services, and programs to accomplish this purpose.

23.     The prisons comprising of the Oregon Department of Corrections are public entities within the meaning of Title II of the ADA, and provide programs, services or activities to the general public.    Title II of the ADA has essentially the same mandate as Section 504.

24.     Mr. Fox is a qualified individual within the meaning of Title II of the ADA and meets the essential eligibility requirements for the receipt of the services, programs, or activities of ODOC.    Specifically, Mr. Fox suffers from being paralyzed that substantially limits one or more major life activities, including but not limited to walking, standing, lifting, bending, eating, writing, etc.

25.     The Oregon Department of Corrections provides release planning to prisoners, which is a program or service of the prison for Section 504 and Title II purposes.

26.     Under the ADA and Rehabilitation Act, the Oregon Department of Corrections is required to accommodate disabled prisoners, and allow prisoners to participate in the same programs and services as those prisoners who are not disabled.

COMPLAINT

LYNN S. WALSH,
OSB#92495
Suite 400
209 SW Oak Street
Portland, Oregon 97204
(503) 790-2772
walsh@europa.com

27.    Mr. Fox's need for accommodation was obvious.

28.    The Oregon Department of Corrections personnel was deliberately indifferent in failing to provide Mr. Fox with a reasonable accommodation by providing an adequate release plan, and denied him the rights and benefits accorded to other inmates, solely by reason of his disabilities in violation of the ADA and Rehabilitation Act.

29.    The Oregon Department of Corrections personnel failed to implement and enforce appropriate policies and procedures to ensure the provision of necessary accommodations for the release of disabled prisoners.

30.    As a direct and proximate result of ODOC personnel's foregoing wrongful acts, defendant State of Oregon is discriminating against plaintiff on the basis of his disability in violation of the Americans with Disabilities Act and Rehabilitation Act.

## EMERGENCY INJUNCTIVE RELIEF

31.    Plaintiff requests emergency injunctive relief to prevent imminent, irreparable harm.   If defendants release plaintiff without assuring that he has the ability to be mobile, assistance with his ADLs, and a way to otherwise care for himself, plaintiff will be subjected to a serious risk of harm or death, thus irrevocably depriving him of his constitutional right to be free of such risks.

32.    Plaintiff requests that he be released to an appropriate care facility paid by the State of Oregon for a reasonable period of time to provide him the ability to access care in the community.

33.    Without immediate intervention from this Court, plaintiff will be released from prison without the ability to care for himself.

LYNN S. WALSH,
OSB#92495
Suite 400
209 SW Oak Street
Portland, Oregon 97204
(503) 790-2772
walsh@europa.com

**DECLARATORY RELIEF**

34.    An actual and immediate controversy exists between Plaintiff and Defendants. Plaintiff is entitled to a declaration of rights with respect to this controversy.   Without such a declaration, Plaintiff will be uncertain of his rights and responsibilities under the law.

**ATTORNEY FEES**

35.    If Plaintiff prevails in this action, he is entitled to an award of reasonable attorneys' fees and costs pursuant to 42 USC § 1988, 29 USC § 794a(b) and 42 U.S.C. §§ 12205 and 1988.

**REQUEST FOR RELIEF**

WHEREFORE, the Plaintiff requests the Court grant:

a.    A declaratory judgment holding unconstitutional the act of releasing plaintiff without an adequate release plan that provides for his continuity of care is unconstitutional and in violation of the Americans with Disabilities Act and Rehabilitation Act;

b.    A temporary restraining order, preliminary and permanent injunction requiring the Defendants to release plaintiff to an appropriate care facility paid for by the State of Oregon until such time that plaintiff can establish care in the community;

c.    An award to Plaintiff of his attorneys' fees, costs; and

d.    Such other relief as this Court deems just and proper.


DATED:   8/8/2016                          /s/ Lynn S. Walsh
                                         Lynn S. Walsh, OSB #924955
                                         (503)790-2772
                                         walsh@europa.com
                                         Attorney for plaintiff

LYNN S. WALSH,
OSB#92495
Suite 400
209 SW Oak Street
Portland, Oregon 97204
(503) 790-2772
walsh@europa.com